# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 22-73V
UNPUBLISHED

| | |
|---|---|
| ASHLEY MIDDLETON, | Chief Special Master Corcoran |
| Petitioner, | Filed: October 4, 2024 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on the Record; Tetanus Diphtheria, Acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC,* for Petitioner.

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 25, 2022, Ashley Middleton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU"). Respondent filed a Rule 4(c) Report conceding entitlement on November 6, 2023 (ECF No. 31), but the parties were unable to resolve damages informally, so they agreed instead to submit this dispute for resolution at an expedited "Motions Day" hearing, which took place on September 20, 2024

For the reasons described below, I award **$89,000.00** for actual pain and suffering.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

I.    **Medical Records**

Ms. Middleton received a Tdap vaccine in her right shoulder on December 15, 2020. Ex. 1 at 16. She reported shoulder pain that same day and was instructed to take over-the-counter pain medication. Ex. 2 at 1.

Several weeks later, on January 8, 2021, Petitioner saw Dr. Hala Webster and reported severe right shoulder pain since her Tdap vaccination. Ex. 1 at 14. An examination showed decreased range of motion. *Id.* at 13-15. Petitioner was diagnosed with adhesive capsulitis and referred for an orthopedic evaluation. *Id.* at 15.

Petitioner saw orthopedist Jonathan Riboh, M.D., on January 15, 2021, reporting severe pain and stiffness since her vaccination. Her pain was rated as eight out of ten at that time. Ex. 3 at 28-30. She was diagnosed with adhesive capsulitis, prescribed a Medrol Dosepak, and referred to physical therapy. *Id.* at 28-29.

Between January 21 and May 6, 2021, Petitioner attended fifteen physical therapy sessions. During that time, her pain was reported as five-to-eight out of ten. She also continued to report reduced range of motion and pain at the time of her discharge. Ex. 3 at 7, Ex. 4 at 4-5.

On July 7, 2021, Petitioner saw Dr. Riboh again for ongoing right shoulder pain. Ex. 5 at 3. She was diagnosed with right rotator cuff tendinitis and received a cortisone injection. *Id.*

Six months later, Petitioner again reported right shoulder pain. Ex. 7 at 35. An MRI on December 21, 2021, revealed tendinopathy and a partial thickness tear of the supraspinatus tendon. *Id.* at 31, 35.

Petitioner was next seen for shoulder pain on January 19, 2022, and was diagnosed with frozen shoulder with tendinopathy. Ex. 7 at 29-31. Thereafter, she attended eighteen additional physical therapy sessions between January 28 and May 19, 2022. *Id.* at 3-22. Her pain was initially reported as six-to-eight out of ten, but by April 28, 2022, had reduced to two out of ten at worst. Ex. 10 at 5.

The last record was from April 20, 2023, wherein Petitioner complained of ongoing shoulder pain for two days, but also stated it was aggravated due to carrying her bag while traveling. Ex. 11 at 13.

## II.     Damages

Petitioner argues that she is entitled to $95,000.00 for pain and suffering. Petitioner's Damages Brief ("Pet. Br."), ECF No. 40, at 7-10. Respondent counters that a lower award of between $37,500.00 and $65,000.00 is more appropriate in this case. Respondent's Damages Brief ("Opp."), ECF No. 42, at 8-11.

After listening to the arguments of both sides, I orally announced my ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the September 20, 2024 hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded.

In a recent decision I discussed at length the legal standards to be considered in determining damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Sections V - VII of *Crawford v. Sec'y of Health & Hum. Servs.*, No. 19-0544V, 2024 WL 1045147, at *20-22 (Fed. Cl. Feb. 5, 2024) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

## III.     Appropriate Compensation for Pain and Suffering

In this case, awareness of the injury is not disputed. The record reflects that at all times Ms. Middleton was a competent adult with no impairments that would impact the awareness of her injury. Therefore, my analysis focuses primarily on the severity and duration of Petitioner's injury. When performing this analysis, I review the record as a whole, including the medical records and affidavits filed, all assertions made by the parties in written documents, and the arguments presented during the Motions Day hearing.

Petitioner cites to a number of damages decisions involving SIRVA injuries that awarded between $85,000.00 to $110,000.00 for pain and suffering. Pet. Br. at 12-17.[3] Petitioner argues that she suffered a moderate-to-severe SIRVA over approximately two and a half years, and her treatment involved a cortisone injection, an MRI, oral steroids, and 32 physical therapy sessions. *Id.* 11-12. Additionally, while Petitioner did not undergo

---

[3] *See Accetta v. Sec'y of Health & Hum. Servs.*, No. 17-1731V, 2021 WL 1718202 (Fed. Cl. Spec. Mstr. Mar. 31, 2021) (awarding $95,000 for pain and suffering); *Dirksen v. Sec'y of Health and Human Servs.*, No. 16-1461V, 2018 WL 6293201 (Fed. Cl. Spec. Mstr. Oct. 18, 2018) (awarding $85,000 for pain and suffering; *Danielson v. Sec'y of Health and Human Servs.*, No. 18-1878V, 2020 WL 8271642 (Fed. Cl. Spec. Mstr. Dec. 29, 2020) (awarding $110,000 for pain and suffering, plus $7,922.22 for future pain and suffering).

surgery, it was recommended. *Id.* at 12-13.

Respondent argues that Petitioner's SIRVA was mild-to-moderate. Further, her delay in seeking treatment and multiple gaps in treatment should reduce her award. Opp. at 10-11. In support, he cites to nine cases awarding between $37,500.00 and $65,000.00 for pain and suffering. *Id.* at 8-9. However, Respondent did not provide a specific valuation for this case.

The record in this case best supports the conclusion that Ms. Middleton suffered a moderate SIRVA for approximately two and a half years. Despite Respondent's characterization, I do not find a meaningful delay in seeking treatment. Petitioner reported pain the same day as her vaccination, and sought treatment approximately three weeks later. Additionally, Petitioner's treatment consisting of consisted of an MRI, 33 physical therapy sessions, and one steroid injection. Further, she experienced moderate to severe pain during her initial physical therapy (five-to-eight out of ten), but less pain thereafter (reporting pain of two-to-eight out of ten in 2022).

*Accetta* provides the closest comparable decision. The *Accetta* petitioner sought treatment one month after vaccination, treated for over four years, had physical therapy (six sessions) but no cortisone injections, and was recommended to undergo surgery which she declined.  While *Accetta* involved a much longer treatment periods, the pain was less than reported by Ms. Middleton.

Balancing the severity of Petitioner's SIRVA injury, the course of treatment, and based on the record as a whole, I find that **$89,000.00** in compensation for actual pain and suffering is reasonable and appropriate in this case.

### Conclusion

For all of the reasons discussed above, and based on consideration of the record as a whole, **I find Petitioner is entitled to compensation. Further, I award Petitioner a lump sum payment of $89,000.00 for actual pain and suffering in the form of a check payable to Petitioner.**

This amount represents compensation for all items of damages that would be available under Section 15(a). The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master